# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

BOBBY LEE RIVERS,                          :
AIS 152053,
                                           :
     Petitioner,
vs.                                        :       CA 05-0219-WS-C

JERRY L. FERRELL,                          :

     Respondent.

## REPORT AND RECOMMENDATION

Bobby Lee Rivers, a state prisoner presently in the custody of the respondent, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## FINDINGS OF FACT

1.  Rivers was convicted in the Circuit Court of Mobile County, Alabama on November 14, 1991, of first-degree burglary and sexual misconduct; he was sentenced to life imprisonment on the burglary conviction and to a consecutive twelve-month sentence on the sexual misconduct

conviction. (*See* Doc. 1, at 2-3; *Rivers v. Johnson*, CA 96-1262-BH-C, Doc. 9, at 1) Petitioner directly appealed his convictions and sentences and also collaterally attacked same. *See Rivers, supra*, CA 96-1262-BH-C, Doc. 9, at 1-3.

    2.    Rivers filed a petition seeking federal habeas corpus relief in this Court, pursuant to 28 U.S.C. § 2254, on December 23, 1996, collaterally attacking his convictions and sentences. *See* CA 96-1262-BH-C, *supra*. On April 8, 1998, the undersigned recommended that the petition be denied on the basis that this Court was procedurally barred from reaching the merits of petitioner's prejudicial testimony and failure to conduct a sentencing hearing claims, that petitioner was not entitled to relief on the basis of his ineffective assistance of counsel claim, and that his claim that the state trial court did not address the merits of his second Rule 32 petition was not a claim upon which this Court could grant federal habeas corpus relief. *See* CA 96-1262-BH-C, Doc. 9. In discussing procedural default, the undersigned discussed the prejudice prong of the cause and prejudice exception to the procedural default doctrine in the following manner:

> Ms. Jones made a positive identification of the intruder, who identified himself as Bobby. This identification was supported by the fact that she knew the defendant from past associations. She had an opportunity to see him in her home just four months before it was broken into. She had also seen him in the

>neighborhood on a couple of occasions. Add this crucial testimony to the fact that the jury did not convict Petitioner of the charged offense of rape, but chose instead to find him guilty of a lessor (sic) included misdemeanor offense, speaks to the fact that the[] [jury] rejected a portion of the State's evidence. The jury determined that Rivers broke into the home with the intent to commit a crime but decided that he did not engage in sexual intercourse with Jones by forcible compulsion but gained her consent under other circumstances. . . . Thus, even though the jury rejected a portion of the victim's testimony, it was convinced that Rivers had sexual intercourse with Jones and that Jones was clearly capable of identifying the intruder.

Doc. 9, at 17. United States District Judge W. B. Hand adopted the undersigned's report and recommendation by order entered on April 29, 1998, *id.* at Doc. 11, and entered judgment that same date denying Rivers' petition for writ of habeas corpus, *id.* at Doc. 12.

      3.     Petitioner filed written notice of appeal on May 13, 1998, *id.* at Doc. 13, and, on that same date, a request for a certificate of appealability and to proceed on appeal without prepayment of costs, *id* at Doc. 14; *see also id.* at Doc. 15. This Court denied the motion for certificate of appealability and to proceed on appeal *in forma pauperis* by order dated May 20, 1998. *Id.* at Doc. 16. Thereafter, on December 14, 1998, the Eleventh Circuit Court of Appeals denied Rivers' motion for certificate of appealability and denied his *in forma pauperis* motion on the basis that it was moot. *Id.* at Doc. 17.

      4.     Rivers filed the instant habeas corpus petition in this Court on

April 11, 2005. (Doc. 1) The sole argument made therein by petitioner is the conclusory one that this Court should order DNA testing because no such testing exists in the state court record and such testing could "lead to a finding of his actual innocence." (*Id*. at 15 (Attached Sheets))

## CONCLUSIONS OF LAW

1.  A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." 28 U.S.C. foll. § 2254, Rule 4.

2.  Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145

L.Ed.2d 683 (2000).

3.  The instant petition, filed on April 11, 2005 pursuant to 28 U.S.C. § 2254, is clearly a second/successive petition yet there is nothing to indicate that petitioner has filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition. Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider Rivers' request for relief. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997).

4.  The undersigned recommends that this Court dismiss Rivers' present habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer same to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, *compare Guenther, supra*, 173 F.3d at 1330-1331 (refusing to decide whether § 1631 authorizes a transfer) *with In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000) (implicitly recognizing that § 1631 authorizes a transfer), because his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

## CONCLUSION

The Magistrate Judge recommends that the present habeas corpus petition be dismissed due to petitioner's failure to comply with 28 U.S.C. §

5

2244(b)(3)(A).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 19th day of May, 2005.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. *Objection*. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY  
UNITED STATES MAGISTRATE JUDGE